## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DIANE F. HOUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

No. 4:20-cv-1243-RLW

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Diane F. House for leave to proceed in forma pauperis in this civil action. (ECF No. 3). Also before the Court is a letter titled "Emergency order of protection – cease and desist – Stay order – fearing my life getting burned." (ECF No. 4). Upon consideration of the motion for leave to proceed in forma pauperis and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee and the motion will therefore be granted. Additionally, the Court has reviewed the complaint, determined it is frivolous and fails to state a claim upon which relief may be granted, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Court will also deny plaintiff's request for an emergency order of protection.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To

determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if the plaintiff's allegations are found to be clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

2

## The Complaint

On September 11, 2020, self-represented plaintiff filed this civil action on a Court-provided

form against fifteen (15) defendants: Federal Bureau of Investigation ("FBI"), Department of

Justice ("DOJ"), Central Intelligence Agency ("CIA"), Argyle Police Department, Emmitt

Jackson, Northlake Police Department, Robert Crawford, Denton Police Department, Jennifer M.

Najera (FBI Agent), Jose Luis Najera (FBI Agent), Christine Pratt, Timothy Pratt, Jean M. Carlos,

Peter V. Carlos, and Sherri Vitalle.  In the complaint, plaintiff alleges the defendants conspired

against her as follows:

> Fits Cruel and unusual punishment!!! Pending or current case in Texas, Defendants
> intentionally created a case that is cruel and violated all judicial and constitutional
> rights' causing emotional distress. As a result, I am filing this claim for emotional
> and physical pain due to the circumstances and cruelness of this entire case.
>
> They stated an investigation never happen, even after I experience the investigation
> destroying my life, if I talk about it the defendants are I am severely mentally IL[L]
> and made it up, using this to commitment in Texas and show that I am severely
> mentally IL[L]. I am railroaded from an attorney by Agency Defendants so trying
> to save my life. The Defendants are abusing and harming the defendant to make her
> appear mentally Ill, which a criminal act. Allegedly on or around April 24 Plaintiff
> subject to a government non-investigation per targeted Person unknowingly to the
> Plaintiff (See Attachment) the result devastating causing injury physically and
> emotional injury to the Plaintiff.

(ECF No. 1 at 5).  The attachment to which Plaintiff refers appears to be a document titled

"Statement of claim Schedule D."  (ECF No. 5).  Within this document, plaintiff alleges, among

other things, that government agents are engaged in some sort of investigation against her, falsely

disseminating information that she is "harmful, dangerous, [p]sychotic, hurts people and [is] a

child molester;" hacking her electronics and accessing her apartment without a warrant; coercing

doctors to diagnose her as unfit for society by fabricating information that she has a mental illness;

speaking to her family and friends through Facebook; and engaging in a "text messaging

3

campaign" against her. *Id.* at 1-3. Plaintiff states there is a case pending against her in Texas, which she refers to as the "Texas Physicians Board Complaint." She further states defendants Christine Pratt and Tim Pratt, which she appears to identify as her sister and brother-in-law, along with defendants Jean M. Carlos and Peter V. Carlos, communicated with "agency defendants" to violate her constitutional rights by fabricating her mental illness and "lead gangstalking" through text messages and e-mails. Plaintiff also attaches documents printed from a website, www.targetedjustice.com. (ECF No. 5-1).

Plaintiff seeks "[i]mmediate relief from harassment, emotional and Physical from government agencies and all defendants." *Id.*

### Request for Emergency Order of Protection

On the same day plaintiff filed her complaint, she also filed a letter to the Court titled "Emergency order of protection – cease and desist – Stay order – fearing my life getting burned." (ECF No. 4). Plaintiff asserts she is "being physically harmed by the Agency Defendants (FBI, CIA)" and requests the Court to:

1) Stop all harassment, emotion and physical harm (burning)
2) Stop all gangstalking, social media, texting, messaging campaigns to make me look like a bad person who does not belong in society for the purpose of the pending case.
3) Immediate review by the DOJ, enforcing my Civil, constitutional and judicial rights in commitment case Texas.
4) Stop immediately harassment to include 96 hour holds and welfare checks.
5) Polygraph test ordered for Jennifer Najera and Jose Najera (government employees) to show that I did not commit a crime and they indeed created this crime.
6) Defendants to stop illegal assess [sic] to my phone and all electronic devise [sic] so I can secure legal counsel and authentic medical help without violating H[IPPA].
7) Authorities stop conduct and soliciting situations to make me look like I don't belong in society for pending commitment case.
8) Authorities to stop railroading efforts to my right to legal counsel.

4

9) Stay order (Federal and State Case involving Jennifer Najera at Federal and state).

*Id.*

## Discussion

### A. Failure to State a Claim

Having carefully reviewed and liberally construed the complaint, the Court concludes that none of the allegations the Court can decipher state a plausible claim for relief. Plaintiff cites various federal statutes[1] and states she brings claims against the FBI, CIA, DOJ, two local police departments, and individual defendants who appear to be federal or state employees, although it is not entirely clear from the complaint if some of the named defendants are private individuals. For example, in the form Complaint, plaintiff refers to defendants Jennifer and Jose Najera as "agent[s]" and "government employees" (ECF No. 1 at 1, 5), but in her attachment she wrote "Jennifer and Jose Najera (daughter and son in law)." (ECF No. 5 at 2).

Plaintiff's complaint sets forth only conclusory allegations of "cruel and unusual punishment" resulting from an "investigation" against her in which she claims defendants are attempting "to make her appear mentally ill, which is a criminal act." (ECF No. 1 at 1). Plaintiff's attachment entitled "Statement of claim Schedule D" continues to provide additional conclusory assertions against the defendants, including allegations that "agency defendants" communicated with her acquaintances to disseminate false information about her, hacked into her electronic devises, and coerced doctors to declare she was mentally ill. (ECF No. 5). Plaintiff further asserts that certain individuals worked with "agency defendants" to fabricate her mental illness. While it

---

[1] Plaintiff states she brings her claims pursuant to "18 U.S. Code § 2381; Treason., – 18 U.S. Code § 2340; (c) Conspiracy to commit torture. 18 U.S. Code § 2389; [r]ecruiting for service against the United States. – 18 U.S. Code § 241; Conspiracy to Deprive Constitutional Rights."

appears she is attempting to allege some sort of conspiracy claim, plaintiff provides no facts in support. Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or construct claims. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff).

The Federal Rules of Civil Procedure require litigants to set out their alleged claims and the facts supporting those claims in a simple, concise, and direct manner. Even self-represented litigants are obligated to plead specific facts and proper jurisdiction and abide by the Federal Rules of Civil Procedure. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Here, plaintiff has failed to follow the foregoing requirements to state a claim for relief as her complaint provides nothing more than legal conclusions supported by mere conclusory statements.

## B. Frivolity

Additionally, the Court finds that the factual allegations in plaintiff's complaint and accompanying papers, as described above, cross the boundary from the unlikely into the delusional and are, thus, clearly baseless under *Denton* and *Neitzke*. Considering the complaint as a whole, including attachments, the Court finds it rises "to the level of the irrational or the wholly incredible," *id.*, and therefore determines that it is legally frivolous and subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See e.g.*, *See Tooley v. Naplitano*, 586 F.3d 1006, 1009-10 (D.C. Cir. 2009) (claims of constant surveillance by government were "flimsier than doubtful or questionable . . . essentially fictitious"); *Marshall v. Green*, 2010 WL 1959514 (W.D. Ky. May 17, 2010) (claims of "bizarre conspiracy theories" related to government stalking were frivolous).

6

For the aforementioned reasons, the Court will dismiss this action as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## C. Request for Emergency Protective Order

The Court now turns to plaintiff's filing entitled: "Emergency order of protection – cease and desist – Stay order – fearing my life getting burned." (ECF No. 4). Plaintiff did not frame her motion under the Federal Rules of Civil Procedure, but it is the functional equivalent of a motion under Rule 65(b)(1), which governs issuing a temporary restraining order without notice to the adverse party or his attorney. Under Rule 65(b)(1), this Court may issue a temporary restraining order "only if . . . specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Here, plaintiff has not filed a complaint that survives initial review pursuant to 28 U.S.C. § 1915(e)(2). As explained above, the allegations in the complaint are "clearly baseless" under the standard set forth in *Denton*. It therefore cannot be said that specific facts in her complaint clearly show she will suffer immediate and irreparable injury, loss or damage before the adverse parties can be heard in opposition. The instant motion will therefore be denied, without prejudice.

## D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (ECF No. 2). The motion will be denied as moot as this action is being dismissed for frivolity and failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

7

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that Plaintiff's "Emergency order of protection – cease and desist – Stay order – fearing my life getting burned" is **DENIED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel is **DENIED** as moot. [ECF No. 2]

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of September, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

8